This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF ROSWELL,**

    Plaintiff-Appellee,

v.                                               **NO.** 29,649

**JAMEY J. FORREST,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Barbara A. Patterson Law Firm PC
Barbara Ann Patterson
Roswell, NM

for Appellee

Jamey J. Forrest
Roswell, NM

Pro Se Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals from his convictions for two traffic violations. In our notice of proposed summary disposition, this Court proposed to affirm. Defendant has timely filed a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded that they warrant reversal, we affirm.

An officer stopped Defendant after he observed that Defendant's headlights appeared to have been on the high beam position and that other cars were flashing their high beams on and off as Defendant's vehicle approached. [RP 78] The officer apparently thought he had reasonable suspicion to believe that Defendant had violated Roswell's City Ordinance 12-10-1.2 requiring that all vehicles be maintained in "good working order and adjustment." Defendant contends that the officer did not have reasonable suspicion to initiate a traffic stop and, as a consequence, that his convictions should be reversed as the fruit of the poisonous tree of a Fourth Amendment violation. [DS 2-3]

In this Court's notice of proposed summary disposition, we proposed to hold that reversal was not warranted because it appeared that the officer had reasonable suspicion to believe that Defendant had violated the city ordinance. As an alternative basis for affirmance, we proposed to conclude that even if the officer did not have reasonable suspicion to believe that Defendant was violating the city ordinance, the officer had reasonable suspicion to believe that Defendant had violated either NMSA

1978, Section 66-3-831(A) (1978), which provides that "whenever the driver of a vehicle approaches an oncoming vehicle within five hundred feet, such driver shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver," or NMSA 1978, Section 66-3-801(A) (1991), which makes it a misdemeanor to drive "any vehicle ... which is in such unsafe condition as to endanger any person."

In his memorandum in opposition, Defendant's argument is addressed almost exclusively to whether there was reasonable suspicion to believe he had violated Section 66-3-831(A). [MIO 1-3] To the degree that this Court might construe his memorandum as addressing our initial conclusion that the officer had reasonable suspicion to initiate a traffic stop to investigate whether Defendant had violated the city ordinance, Defendant only states that "there were no facts articulated by the RPD officer (who was under the burden of proof) regarding a headlight test or check in the lower court that would support reasonable suspicion . . . ." [MIO 3] As we stated in our notice of proposed summary disposition, we disagree. Where Defendant's lights were on the high beam position in a manner that was disturbing drivers in oncoming traffic and Defendant was not changing the lights to the normal driving position even though other drivers were signaling him to do so, we conclude that the officer had reasonable suspicion to believe that Defendant's headlights were not properly adjusted

3

or were not able to be switched from the high-beam position to the normal driving position. As there was reasonable suspicion to stop Defendant to investigate the matter further, we hold that the other evidence obtained in the case need not have been suppressed as the fruit of the poisonous tree. We therefore affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**